UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NUMBER** |
| | : | |
| | : | **3:06-cr-00018-2 (VLB)** |
| **v.** | : | |
| | : | **JUNE 18, 2020** |
| **MICHAEL CABASSA** | : | |
| | : | |

**ORDER ON THE GOVERNMENT'S CONSENT MOTION FOR INDICATIVE RULING PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 37, [ECF NO. 377]**

The Government brings this consent motion for a ruling indicating whether the Court would reconsider its discretionary denial of Defendant's motion for release pursuant to the First Step Act if jurisdiction were returned to this Court and the Government withdrew its opposition to Defendant's motion. [ECF No. 377]. For the following reasons, the Court declines to reconsider its ruling.

## Background

On January 24, 2006, Mr. Cabassa and five co-defendants were indicted on charges of conspiracy to possess with the intent to distribute, and to distribute 50 grams or more of cocaine base (i.e. crack cocaine). [ECF No. 15, Count 1]. Mr. Cabassa was also individually charged with possession with intent to distribute, and to distribute 50 grams or more of crack cocaine. [ECF No. 15, Count 11]. Mr. Cabassa was detained pre-trial due to the severity of his alleged criminal activity and because "there we[re] no conditions of release which w[ould] reasonably assure . . . the safety of any other person and the community." [ECF Nos. 29 at 2, 50].

On August 25, 2006, Mr. Cabassa pled guilty to Count 11 of an indictment, [ECF No. 15], charging him with possession with intent to distribute 50 grams or more of crack cocaine.  [ECF No. 128].

The Presentence Report calculated Mr. Cabassa's Criminal History Category as VI, based on numerous prior state criminal convictions.  [ECF No. 367 at 3-5 (summarizing numerous prior convictions)].  Mr. Cabassa was designated a "career offender" for sentencing purposes because of two prior state court drug distribution convictions.  [ECF No. 311-2 ¶ 25].

Because Mr. Cabassa's Criminal History Category was VI and his Total Offense Level was 34, his recommended Sentencing Guideline Range was 262-327 months' imprisonment, [ECF No. 311-2 ¶ 59]; *see also* U.S. Sentencing Guidelines Manual §§ 3E1.1(a), (b) (2006), with a mandatory minimum sentence of 20 years.  [ECF No. 311-2 ¶ 58]; 21 U.S.C. § 841(b)(1)(A) (2006).

Mr. Cabassa, although offering objections to certain portions of the PSR, did not object to these sentencing guideline determinations.  [ECF No. 164 at 1-2].

On January 17, 2009, at sentencing, the Court imposed sentence of 240 months' imprisonment and ten years' supervised release.  [ECF Nos. 196, 199].

On February 25, 2019, Mr. Cabassa filed a First Step Act Motion for Immediate Release or Resentencing, requesting that the Court sentence him to time served.  [ECF No. 351].  In response the Probation Office filed a "First Step Act of 2018 Addendum to the Presentence Report."  [ECF No. 353].  In the Addendum, the Probation Office noted that Mr. Cabassa had received numerous

disciplinary citations and sanctions while in prison following his 2007 sentencing. [ECF No. 367 at 7-8].

The Probation Office determined that because Mr. Cabassa was statutorily eligible for a sentence reduction under the First Step Act, "the Court is permitted to consider whether or not [Mr. Cabassa's] sentence on Count 11 should be reduced." *Id.* at 5. But, because of Mr. Cabassa's "15 disciplinary citations" while in federal prison, the Probation Office only recommended reducing Mr. Cabassa's term of supervised release from 10 to eight years, but not his sentence. *Id.*

The Government, while agreeing that Mr. Cabassa was statutorily eligible for a sentence reduction under the First Step Act, argued that he was not entitled to a plenary resentencing nor updated career offender guideline calculation, and opposed the motion because Mr. Cabassa's serious "conduct during confinement . . . including a citation within the last year, . . . demonstrates a continuing need to protect the public and instill a respect for the law." [ECF No. 357].

On August 12, 2019, Mr. Cabassa filed a "Supplement to First Step Act Motion," seeking "to modify his request for a reduced sentence of time served to a request for a reduced sentence of 120 months," because unbeknownst to Mr. Cabassa's counsel before that time, "over a decade ago, in 2008, Mr. Cabassa pled guilty in the Northern District of West Virginia to possessing a prohibited object (drugs), in violation of 18 U.S.C. §§ 1791(a)(2) and (b)(1), while he was incarcerated at USP Hazelton." [ECF No. 362 at 2]. Upon conviction of that charge, he was sentenced to serve an additional "27 months, to run

3

consecutively to his sentence in the instant case." *Id.* at 2 (citing Judgment, *United States v. Michael Cabassa*, No. 1:08-cr-56-IMK, ECF No. 14 (N.D. W. Va. Sept. 24, 2008)]. Because Mr. Cabassa would have to serve the consecutive West Virginia sentence if the Court granted his initial motion, Mr. Cabassa modified his motion to request a sentence of 120 months' imprisonment to effect his immediate release. *Id.* at 2-7. In essence, he sought to use the First Step Act to not only reduce the sentence imposed by this court, but to nullify the sentence imposed for his prison misconduct.

On November 4, 2019, the Court denied Mr. Cabassa's request for sentence reduction under the First Step Act, finding that Mr. Cabassa's (1) eight prior state court criminal convictions, one of which involved Mr. Cabassa and an accomplice robbing a woman at knife-point, and two of which involved drug distribution, (2) current conviction for the sale of more than 50 grams of crack cocaine, (3) numerous serious infractions while incarcerated, including one that occurred in the year prior to his motion for sentence reduction, and (4) his conviction and sentence to 27 months' imprisonment while incarcerated in federal prison, and which involved the possession of drugs and assault of a prison official, precluded the Court's grant of Mr. Cabassa's motion for sentence reduction. [ECF No. 367 at 13-16].

On November 18, 2019, Mr. Cabassa filed a Notice of Appeal. [ECF No. 368]. That appeal is still pending. No. 19-3874 (2d Cir.).

On June 10, 2020, the Government moved the Court, with consent, "for a ruling indicating whether the Court would reconsider its discretionary denial of

4

the defendant's motion for release pursuant to the First Step Act if jurisdiction were returned to this Court and the Government withdrew its opposition to Cabassa's motion." [ECF No. 377 at 1]. The Government does not state the basis for the rescission of its recommendation, nor does it note any facts or law the Court did not consider or misconstrued or any change in applicable law.

## Legal Standard

"The filing of a notice of appeal is an event of jurisdictional significance," which "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Under these circumstances, this Court is without authority to "rule on any motion affecting an aspect of the case that [is] before the [Court of Appeals]." *Ching v. United States*, 298 F.3d 174, 180 n.5 (2d Cir. 2002).

Federal Rule of Criminal Procedure 37 anticipates precisely the jurisdictional issue present here. Rule 37 provides, in relevant part, that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). "Reflecting this Circuit's longstanding approach, . . . this rule allows district courts to deny, but not to grant, a motion for which it lacks jurisdiction due to a pending appeal." *United*

5

*States v. Martin*, No. 18-CR-834-7 (PAE), 2020 U.S. Dist. LEXIS 63451, at *4-5 (S.D.N.Y. Apr. 10, 2020).

### Analysis

As the Court made clear in its ruling on Mr. Cabassa's First Step Act Motion, Mr. Cabassa does not fall into the category of people that Congress had in mind when it passed the Fair Sentencing and First Step Acts, because he is not a non-violent drug offender; rather he is a career, repeat criminal offender. This is clear from his various Presentence Report Addenda and Mr. Cabassa's Supplement to his First Step Act Motion.

The Court reiterates that Mr. Cabassa's prior criminal history, his actions in committing the instant offense, and his conduct in prison, including his assault of a prison official and conviction for drug possession *while incarcerated in federal prison* clearly demonstrate that Mr. Cabassa is a violent person with a penchant for criminal activity. [ECF No. 367 at 13-17].

The Government states no reason why it would withdraw its objection or any reason why the Court should reconsider its ruling denying Mr. Cabassa's First Step Act Motion for sentence reduction. Nonetheless, the Court has reviewed the record and sees no reason to grant Mr. Cabassa's First Step Act Motion. The Court fails to see how granting his motion and reducing his sentence as requested or otherwise would fulfill the objectives of the 3553(a) factors. On the contrary, Mr. Cabassa's conduct while in custody, indicates that granting his motion would undermine not only those factors but also prison safety and security.

## Conclusion

Given his prior criminal history, his conduct as concerns the instant offense, and his conduct in prison, the Court would be disinclined to grant Mr. Cabassa's First Step Act Motion if jurisdiction were returned to this Court and the Government withdrew its opposition to his motion

IT IS SO ORDERED.

                                                  /s/
                                Hon. Vanessa L. Bryant
                                United States District Judge

Dated at Hartford, Connecticut: June 18, 2020